# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. MJG-15-CR-0322 |
| HARRY CRAWFORD, ELMA MYLES, and MATTHEW HIGHTOWER | : | |
| **Defendants** | : | |
| By: HARRY CRAWFORD | : | |

## MOTION TO SUPPRESS STATEMENTS AND PHYSICAL EVIDENCE

Harry Crawford, the Defendant, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Rebecca S. Talbott and Lucius T. Outlaw III, Assistant Federal Public Defenders, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any and all statements, admissions, and confessions allegedly given by the Defendant, whether oral, written, or otherwise recorded, which the Government proposes to use as evidence against him at trial, and to suppress any physical evidence obtained as a result of any unlawful searches or seizures of his person, home, and effects. In support of this motion, counsel states the following:

1. Mr. Crawford has been charged by indictment with one count of collection of extension of credit by extortion, in violation of 18 U.S.C. § 894, and one count of use of interstate facilities for extortion resulting in death, in violation of 18 U.S.C. § 1952. Dkt. No. 146.

2. Mr. Crawford is also the subject of an additional pending indictment not at issue here. Dkt. No. 143.

3. According to discovery received from the government in this case, Mr. Crawford made statements to members of law enforcement on September 23, 2013, October 30, 2013, and February 4, 2014. Mr. Crawford may have made statements to law enforcement on additional occasions as well.

4. Any statements, admissions, or confessions given by Mr. Crawford were obtained in violation of Mr. Crawford's privilege against self-incrimination as guaranteed by the Fifth Amendment to the U.S. Constitution, his right to due process as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, his right to counsel as guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution, and the Supreme Court's holding in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). Mr. Crawford is entitled to a hearing regarding the voluntariness of any statements, admissions, or confessions attributed to him in accordance with the provisions of 18 U.S.C. § 3501 and the principles set forth in <u>United States v. Inman</u>, 352 F.2d 954 (4th Cir. 1965).

5. In addition, any statements, admissions, or confessions made by Mr. Crawford to law enforcement were the fruit of Mr. Crawford's illegal seizure or arrest, and were obtained in violation of the Fourth Amendment of the U.S. Constitution, and should therefore be suppressed.

6. Discovery received from the government in this case also indicates that law enforcement seized property from Mr. Crawford on multiple occasions, including on September 23, 2013, October 30, 2013, and February 4, 2014, including cellular phones, iPads, computers, and other devices of Mr. Crawford. Law enforcement subsequently performed searches on these devices.

7. The Fourth Amendment of the U.S. Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches

and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

8. The Fourth Amendment requires that no search warrant shall issue without probable cause. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In evaluating the propriety of the warrant issued, this Court must determine whether there is substantial evidence in the record to support the magistrate's decision to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984). While this Court should pay "great deference" to findings of probable cause, it does not mean that warrants should be upheld when based on objectively unreasonable grounds for believing the warrant is valid. Gates, 462 U.S. at 236.

9. Mr. Crawford had a reasonable expectation of privacy in the property that was seized and searched, including the computers and digital devices and their contents and data. See, e.g., Riley v. California, 134 S. Ct. 2473 (2014); United States v. Buckner, 473 F.3d 551, 554 & n.2 (4th Cir. 2007), cert. denied, 550 U.S. 913, (2007); Trulock v. Freeh, 275 F.3d 391, 403 (4th Cir. 2001).

10. The seizures by law enforcement violated the Fourth Amendment because they were the fruit of an unlawful search and seizure of Mr. Crawford's person, home, and effects. Law enforcement did not have reasonable suspicion or probable cause to stop, question, or detain Mr. Crawford, or to search his person, home, or effects, and therefore the fruits of such unlawful searches and seizures must be suppressed.

11. To the extent that any seizures or searches were made without a warrant, those seizures and searches were unlawful and in violation the Fourth Amendment, no exception to the

warrant requirement applied, and all fruits of the illegal searches or seizures should be suppressed. See Kentucky v. King, 563 U.S. 452, 459 (2011); Payton v. New York, 445 U.S. 573, 585 (1980); Wong Sun v. United States, 371 U.S. 471 (1963).

12. Any affidavits provided in support of any warrant applications in this case failed to establish probable cause to permit the seizures and/or searches putatively authorized. As such, the warrants should not have issued, and the evidence searched or seized as a result of these warrants should be suppressed.

13. Any search and/or seizure warrants issued in this case did not comport with the warrant requirement of the Fourth Amendment, including because they did not describe with particularity the items, devices, format, or content to be searched or seized; they did not describe with particularity the manner in which the digital devices and their content or data would be copied, preserved, searched, or examined; or they were so overbroad as to be a general warrant, all in violation of the Fourth Amendment. As such, the warrants should not have issued, and the evidence resulting from these warrants should be suppressed.

14. The manner in which law enforcement executed the search and/or seizure warrants in this case exceeded their authorized scope, by, among other things: searching or seizing items, devices, formats, or contents not authorized by the warrants; copying or imaging devices or data not authorized by the warrants; using methodologies not authorized by the warrants; conducting searches or seizures outside the duration of the warrants; or conducting searches or seizures in a manner that was objectively unreasonable.

15. The "good faith" exception to the exclusionary rule noted in Leon v. United States, should not apply in this case for one or more of the following reasons, "1) the Search Warrant was issued in reliance on misleading omissions in the application; 2) the state judge acted as a 'rubber

stamp' in approving the search warrant; 3) the application was legally insufficient for a determination of probable cause; [and/or] 4) the application was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" 468 U.S. 897, 923 (1984) (internal citations omitted). In essence, Leon's "good faith" exception is not applicable because "this is not a case of 'objectively reasonable law enforcement activity.'" United States v. Wilhelm, 80 F.3d 116, 123 (4th Cir. 1996). The "good faith" exception to the exclusionary rule does not apply because the activity of law enforcement in this case was objectively unreasonable.

16. Any additional searches and seizures, warrantless or otherwise, were also illegal and in violation of the Fourth Amendment.

17. Because both discovery and investigation of this case are ongoing, Mr. Crawford reserves the right to support the above claims with new evidence. Mr. Crawford also reserves the right to move for suppression of evidence based on grounds not now discernible such as, but not limited to, rights under Franks v. Delaware, 438 U.S. 154 (1978).

**WHEREFORE**, the defendant requests that this Court grant an order of suppression on the grounds alleged herein and on any other ground that may become apparent upon a hearing on the motion.

                                      Respectfully submitted,
                                      JAMES WYDA
                                      Federal Public Defender

                                      _____/s/_____
                                      REBECCA S. TALBOTT, # 803577
                                      LUCIUS T. OUTLAW III, # 94226
                                      Assistant Federal Public Defenders
                                      100 South Charles Street
                                      Tower II, 9th Floor
                                      Baltimore, Maryland  21201
                                      Phone: (410) 962-3962
                                      Fax:  (410) 962-0872
                                      Email: rebecca_talbott@fd.org
                                                   lucius_outlaw@fd.org

Date: July 7, 2016

## MEMORANDUM OF POINTS AND AUTHORITIES

1. U.S. Const., amends. IV, V.

2. Fed. R. Crim. P. 41.

3. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

4. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

> /s/
> Rebecca Talbott
> Assistant Federal Public Defender

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the Defendant's Motion.

> /s/
> Rebecca Talbott
> Assistant Federal Public Defender