```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA        *

    vs.                         *    CRIMINAL NO. MJG-15-0322

MATTHEW HIGHTOWER, et al.       *

\*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER RE: ALIBI EVIDENCE

The Court has before it the Government's Motion Requesting Notice of Alibi [ECF No. 129]. The Court has held a hearing and heard the statements of counsel.

In the Motion the Government states that the crime occurred on September 22, 2013, at approximately 2:45 - 2:50 a.m. at 4 Aldeburgh Court, Rosedale (Baltimore), Maryland, asked if Defendant Hightower intended to present an alibi for the date, time and location and, if so, asked for the specific place or places he claims to have otherwise been at these times and locations and the names, addresses and telephone numbers of the witnesses the defendants intend to call to establish his alibi. The Motion constituted a valid request pursuant to Rule 12.1(a) of the Federal Rules of Criminal Procedure to which there was no timely response.

To avoid any possible misunderstanding the matter was discussed at the motion hearing. Counsel for Defendant Hightower stated that he will not be presenting a witness to

testify to Defendant Hightower's location at about the time in question.  Defendant Hightower denies that he was present as the Government contends and will seek to establish the unreliability of the Government's cell tower location evidence.

The Government expressed concern about the possibility of alibi evidence regarding Defendant Hightower's location at a time other than the precise time of the crime.  The discussion among counsel regarding the matter indicated the possibility for a needless dispute.  The Court seeks to insure that Defendant Hightower is not deprived of the opportunity to present evidence due to a misunderstanding and that the Government is provided the notice to which it is entitled as promptly as possible.

The Court considers alibi evidence within the scope of Rule 12.1 not strictly limited to evidence of a defendant's location at time and place of the crime.  But it would include evidence of a defendant's location at a time and place that could refute his presence at the time and location of the crime.  To illustrate with an extreme example, evidence that five hours before, or five hours after, the time of a crime in Baltimore, a defendant was in a location from which he could not get to the crime scene in time, would constitute alibi evidence.

While the matter is very likely academic, the Court finds it appropriate to proceed as follows:

1. If counsel intends to produce evidence of Defendant Hightower's location at any time from midnight to 6:00 AM on September 22, 2013, he shall, by Tuesday, September 6, provide the Court, for in camera review, a document stating any such times and locations.

2. If the Court determines that such evidence is within the scope of Rule 12.1(a) it shall notify Defendant Hightower's counsel who shall promptly comply with Rule 12.1(a)(2).

SO ORDERED, this Thursday, September 1, 2016.

                                            /s/_____
                                  Marvin J. Garbis
                          United States District Judge