IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

    vs.                           *     CRIMINAL NO. MJG-15-0322

HARRY CRAWFORD, et al.            *

  *     *     *     *     *     *     *     *

<u>MEMORANDUM AND ORDER RE: SUPPRESSION MOTIONS</u>

The Court has before it Defendant Crawford's Motion to Suppress Statements and Physical Evidence [ECF No. 150], Defendant Hightower's Motion to Suppress Statements [ECF No. 162], and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I.  <u>DEFENDANT CRAWFORD [ECF No. 150]</u>

On both September 23 and October 30, 2013, Defendant Harry Crawford ("Defendant Crawford") voluntarily appeared at police headquarters and was interviewed by Detectives Hinton and Gruss ("the Detectives").  The interviews were recorded (video and audio).

During the course of the interview of October 30, 2013, Defendant Crawford voluntarily provided access to his cellphone. The police used a device – with consent of Defendant Crawford – to extract information from the cellphone.

Defendant Crawford was not in custody and was not coerced to provide any statements or access to his cellphone.

At the hearing, after the completion of testimony, Defendant Crawford's counsel stated that he wished to withdraw the suppression motion.  However, to avoid any potential future issues, the Court will rule on the motion.

The Court finds that, in regard to the interviews, Defendant Crawford was not in custody, was not coerced and voluntarily made statements and provided information from, and access to, his cellphone.  Thus, the motion shall be denied.


II. <u>DEFENDANT HIGHTOWER [ECF NO. 162]</u>

On October 30, 2013, Detective Hinton spoke with Defendant Hightower by telephone, asking if he would agree to come to police headquarters for an interview.  Defendant Hightower agreed to do so and made an appointment.  But, the next day, Defendant Hightower called and said he would not be keeping the appointment, saying that he had spoken with Defendant Crawford and that Defendant Crawford had advised him to get an attorney. He further stated that he had spoken with an attorney and was advised to come for an interview only accompanied by counsel. However, Defendant Hightower expressed his willingness to speak with the police because he had done nothing wrong.  Detective

Hinton advised Defendant Hightower to have the attorney contact him.

On November 4, 2013, Defendant Hightower called Detective Hinton saying that he thought that the Detectives were following him.

There was no further contact from Defendant Hightower or his attorney.  Although the Detectives knew the attorney's name they made no effort to contact him.

The Detectives decided, on November 21, 2013, to confront Defendant Hightower without advance warning to try to see if he would speak with them without an attorney present.

On that evening, the Detectives proceeded to the parking lot of an apartment building associated with Defendant Hightower and waited for him to arrive.  About 8 PM Defendant Hightower arrived, driving a truck with passengers, a female and one or two children.  The officers confronted Defendant Hightower, showing police IDs and spoke with him on, or near, a sidewalk. The passengers proceeded into the apartment building.

The discussion, lasting about 12 to 15 minutes, was recorded (audio only) on a small device in Detective Hinton's pocket.

Defendant Hightower was not in custody during the conversation and was not coerced.[1]  There was nothing said by any party to the conversation relating to Defendant Hightower's attorney.

Defendant Hightower contends that his statements should be suppressed because the Detectives, knowing that he had previously asserted his right to counsel,[2] deliberately circumvented Defendant Hightower's counsel, thereby violating his Sixth Amendment right to counsel and his Fifth Amendment rights under Miranda.  The Court finds Defendant Hightower's factual allegation correct but is required, by binding precedent, to deny suppression.

The Government contends that the Detectives properly approached Defendant Hightower without going through his attorney because of the three week passage of time, the absence of any communication from Defendant Hightower's attorney, and Defendant Hightower's failure to state that he wished to have counsel present at the interview.

---

1    The Detectives mentioned after a few minutes of the conversation – to clarify that they were police – that they had police IDs and carried guns.
2    Counsel: "And Mr. Hightower mentioned that he wanted counsel present if he was going to talk?"
    Detective Gruss: "He invoked his right to counsel, yes, sir." Tr. at 62.

This Court concludes that there were no violations of Defendant Hightower's Constitutional rights.

First, Defendant Hightower's Sixth Amendment right to counsel had not attached since he had not been charged with any crime as of November 21, 2013, and no formal proceedings had begun.  See Massiah v. United States, 377 U.S. 201, 206, 84 S. Ct. 1199, 1203 (1964) (holding Sixth Amendment right to counsel is violated when defendant is questioned outside the presence of counsel post-indictment); United States v. Holness, 706 F.3d 579, 593 (4th Cir. 2013)("[T]he Sixth Amendment entitlement attaches only in 'criminal prosecutions,' i.e., upon indictment or other commencement of formal proceedings.").

Second, Defendant Hightower was not in custody[3] during his conversation with police in the parking lot, so he was not covered by the protections of Miranda or Edwards.[4]  In Montejo v. Louisiana, the Supreme Court held,

> the Miranda-Edwards regime . . . applies only in the context of custodial interrogation. If the defendant is not in custody then those decisions do not apply; nor do they govern other, noninterrogative types of

---

[3]   Mr. Bardos: ". . . and I'm not saying Miranda requires it, because I agree it's not custodial . . . ." Tr. at 83.

[4]   In Edwards v. Arizona, the Supreme Court ruled that a "[suspect who has invoked his right to counsel] is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." 451 U.S. 477, 484-485, 101 S.Ct. 1880 (1981) (emphasis added).

> interactions between the defendant and the State (like
> pretrial lineups). . . . When a defendant is not in
> custody, he is in control, and need only shut his door
> or walk away to avoid police badgering.

556 U.S. 778, 795, 129 S. Ct. 2079, 2090 (2009).  See also,

United States v. Cook, 599 F.3d 1208, 1215 (10th Cir. 2010)

("Thus, without custodial interrogation, Edwards does not apply.

And because Edwards does not apply, it is irrelevant that [the

defendant] had previously invoked his right to counsel . . .

when questioned by the sheriff's office investigators.").

Accordingly, the Detectives were able to initiate a noncustodial

interrogation with Defendant Hightower without counsel present

and without reading him his Miranda rights.

Even if the parking lot interview had constituted a

custodial interrogation, the Court would not be able to suppress

the evidence at issue.  On November 1, in a telephone call with

Detective Hinton, Hightower stated that he would not talk with

police without counsel present.  He was not in custody at that

time.  Nor was he in custody at any time prior to November 21.

In Maryland v. Shatzer, 559 U.S. 98, 110 (2010), the

Supreme Court established a "bright line" rule, providing that,

following a suspect's request for counsel, a fourteen day period

without  investigative custody,[5] was adequate to diffuse the

---

5    In Shatzer, the defendant was in prison at the time he
invoked his request for counsel, in prison in the general

effect of the request.   As stated by Justice Scalia, referring in <u>Shatzer</u> to a defendant who had been in prison during the entire period, "[Fourteen days] provides plenty of time for the [previously detained] suspect to get reacclimated to his normal life, to consult with friends and counsel, and to shake off any residual coercive effects of his prior custody." <u>Id.</u>  Defendant Hightower was not in custody at all prior to the parking lot interview.

In sum, while the Court may well have ruled differently in the absence of the existing binding precedents, it must deny suppression of the evidence at issue.

III.   CONCLUSION

For the foregoing reasons:

1. Defendant Crawford's Motion to Suppress Statements and Physical Evidence [ECF No. 150] is DENIED.

2. Defendant Hightower's Motion to Suppress Statements [ECF No. 162] is DENIED.

SO ORDERED, this Wednesday, September 7, 2016.

                                    _____/s/_____
                                         Marvin J. Garbis
                                    United States District Judge

_____

population for fourteen days and then subjected to the second interrogation at which he did not request the presence of counsel.