**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: GJH-15-322** |
| **HARRY CRAWFORD,** | * | |
| | * | |
| **Defendant.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

Defendant Harry Crawford is currently serving a sentence of 144 months of incarceration at the Federal Medical Center, Devens Prison Camp in Fort Devens, Massachusetts after pleading guilty to Collection of Extension of Credit by Extortion, in violation of 18 U.S.C. § 894, Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, and Health Care Fraud, in violation of 18 U.S.C. § 1347. ECF No. 464. Pending before the Court is Mr. Crawford's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 566. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Crawford's Motion is granted.

**I.     BACKGROUND**

On September 26, 2016, Mr. Crawford appeared for a jury trial on a total of ten counts presented in two separate indictments. ECF Nos. 143, 146, and 305. At the end of the trial, the jury was unable to reach a verdict on any count and a mistrial was declared by the Court. ECF No. 314. On November 22, 2016, Mr. Crawford entered a guilty plea to three of the pending counts: Collection of Extension of Credit by Extortion, in violation of 18 U.S.C. § 894,

1

Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371, and Health Care Fraud, in violation of 18 U.S.C. § 1347. ECF No. 344. Included in the plea agreement was a nine-page statement of stipulated facts describing conduct that Mr. Crawford acknowledged the Government could have proved beyond a reasonable doubt at trial. ECF No. 344.

In sum, Mr. Crawford owned and operated RX Resources and Solutions ("RXRS"), a provider of durable medical equipment, and employed an individual named Matthew Hightower. In 2013, Mr. Crawford approached Mr. Hightower to facilitate a loan to Mr. Crawford's long-time friend, David Wutoh. After Mr. Wutoh promised a significant rate of return, a loan was arranged. However, Mr. Wutoh did not repay the funds or the increasing rates of interest, and Mr. Crawford and Mr. Hightower began making express and implicit threats of violence in order to induce Mr. Wutoh to repay the debt. A number of text messages containing such threats were sent by Mr. Crawford to Mr. Wutoh and were included in the statement of facts. On or about September 22, 2013, Mr. Wutoh was murdered. Mr. Crawford and Mr. Hightower exchanged cryptic text messages just before and soon after the murder. On September 22, 2016, Mr. Hightower was convicted of extorting and murdering Mr. Wutoh. ECF No. 344 at 11–16.

Additionally, the stipulated facts detail a health care fraud scheme, wherein Mr. Crawford, Mr. Hightower, and another individual submitted claims to Medicaid that falsely and fraudulently sought payment for medical supplies that had not been provided, were not delivered in the amounts billed, or had not been authorized by a doctor. *Id.* at 16–18. Finally, the stipulated facts establish that Mr. Crawford did not file timely income tax returns reporting the money he earned from RXRS for calendar years 2010 through 2013. ECF No. 344 at 18–19.

Defendant's sentencing hearing was held on March 28, 2017. ECF No. 445. Based on an offense level of 38 and Defendant's criminal history score placing him in criminal history

category II, the Court determined that Defendant's advisory sentencing guidelines range was 262 to 327 months. ECF No. 465 at 1. The Court sentenced Defendant to a total term of 144 months incarceration. ECF No. 476 at 2. The Court also imposed a three year term of supervised release. *Id.* at 3.

On October 1, 2020, Defendant filed an Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing his vulnerability to COVID-19 due to his medical conditions. ECF No. 566. On October 27, 2020, the Government filed an Opposition. ECF No. 571. Defendant filed a Reply on January 5, 2021. ECF No. 576.[1]

## II.  DISCUSSION

Asserting that he is at serious risk of becoming severely ill from COVID-19 due to his preexisting medical conditions, Mr. Crawford moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 566. The Court reviews the framework applicable to Defendant's request before assessing whether Defendant has satisfied its requirements.

### A.  Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

---

[1] All three briefs were filed under seal with accompanying Motions to Seal, which are granted. ECF Nos. 565, 570 and 575.

> without conditions that does not exceed the unserved portion of the original term
> of imprisonment), after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at § 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C.
> § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a
> term of supervised release with or without conditions that does not exceed the
> unserved portion of the original term of imprisonment) if, after considering the
> factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the
> court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the
> community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons ("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled "Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."[2]

Judges in this district and elsewhere have found, however, that § 1B1.13 and its Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios under which a sentence reduction could be warranted, it nevertheless permits a reduction based only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act changes the law to allow a compassionate release reduction to be granted by the Court without input from the BOP, the pre-First Step Act references in the policy statement to determinations by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there

---

[2] The Program Statement, issued January 17, 2019, is available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited July 28, 2020).

are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2 (reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court recently found that these analyses are persuasive and therefore adopted the same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D. Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming the defendant has exhausted administrative remedies, the Court considers whether a reduction is warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2. Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[3] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

## B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau

---

[3] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.

§ 3582(c)(1)(A). Here, Mr. Crawford filed a request for compassionate release and reduction of

sentence with the Warden at the Federal Medical Center and the request was denied. ECF No.

566-1 at 2 and 4. Therefore, he has exhausted his administrative rights.

### C. Extraordinary and Compelling Reasons

The Court next considers whether Mr. Crawford has sufficiently demonstrated

extraordinary and compelling reasons warranting a reduction of his sentence. Mr. Crawford

asserts that he has, among other conditions, Type 2 diabetes, obesity, latent tuberculosis

infection, hypertension, peripheral vascular disease, and end stage renal disease. ECF No. 566 at

3. These assertions are confirmed by his medical records, which identify these and a number of

other conditions from which Mr. Crawford suffers. ECF No. 566-1 at 7–10. The Government

acknowledges, ECF No. 571 at 16, and the Court agrees, that given his medical condition and the

increased likelihood that he could suffer a poor outcome if he were to contract COVID-19 while

in prison, Mr. Crawford circumstances are extraordinary and compelling.

### D. Additional Considerations

Having found that Mr. Crawford has demonstrated extraordinary and compelling reasons

for release, the Court next considers whether release is appropriate under the Sentencing

Commission's Policy Statement at § 1B1.13 and the 18 U.S.C. § 3553(a) sentencing factors.

As noted previously, the Policy Statement directs that, to proceed with a sentence

reduction, the Court must find that "[e]xtraordinary and compelling reasons warrant the

reduction;" that "[t]he defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the

Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. To determine whether a defendant is a danger under § 3142(g), courts consider the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

With respect to the sentencing factors, § 3553(a)(1), "the nature and circumstances of the offense and the history and characteristics of the defendant," and § 3553(a)(2), "the need for the sentence imposed" to further several purposes, are relevant in weighing compassionate release motions. *See United States v. Williams*, No. 19-cr-284-PWG, 2020 WL 3447757, at *5 (D. Md. June 24, 2020). The purposes listed in § 3553(a)(2) include "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Here, the Court concludes that Mr. Crawford is a danger to the community and that his release would not be consistent with the § 3553(a)(1) factors. Mr. Crawford acknowledged working with a co-defendant to use extortionate tactics, including serious threats of violence, to recover money loaned to Mr. Wutoh. Mr. Wutoh was later murdered by Mr. Crawford's associate, Mr. Hightower. Additionally, Mr. Crawford has a previous conviction for carrying a handgun. ECF No. 391 at 17. While the defense notes that Mr. Crawford is of advancing age and declining health, the same appears to have been true when he committed the very serious crimes for which he is currently serving a sentence.

In sum, based on the record, compassionate release would not be appropriate.

## III.  CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF No. 566, is **DENIED**. All Motions to Seal filed by the parties, ECF Nos. 565, 570 and 575, are **GRANTED**.

Date: January   13, 2021                                       ___/s/_____

GEORGE J. HAZEL
United States District Judge